First case of the morning, call 210-942, People's State of Illinois v. Alexis Harris, on behalf of the epilogue, Mr. Derek Johnson, on behalf of the people, Ms. Sally Strauss. Good morning, counsel. I would indicate that Justice Bowman is the third member of this panel. He's unable to be here today, but he will review the arguments on tape before we render a decision in the case. Mr. Johnson, you may proceed. Counsel, justices of this court, good morning and may it please the court. My name is Derek Johnson and I represent the defendant, Appellant Alexis Harris. Your honors, in this case, the state prosecuted two separate cases against Ms. Harris for the simultaneous possession of cannabis and a controlled substance. In one of those cases, the cannabis case, case number 08-CM-7077, the state obtained a conviction on the charge for unlawful possession of cannabis. At the time the state obtained that conviction, Ms. Harris' rights to compulsory joinder and double jeopardy attached. In the state's subsequent prosecution for her unlawful possession of a controlled substance in the controlled substances case, case number 08-CF-3058, violated those rights. Accordingly, Ms. Harris' conviction in the controlled substances case for unlawful possession of a controlled substance should be reversed. Ms. Harris was pro se on the possession of cannabis case, correct? That's correct, your honor. As a pro se litigant, doesn't she, she has a responsibility just like a lawyer to know what her rights are and to act accordingly, correct? That is correct, your honor. However, as you indicated, she was a pro se defendant. She was indigent. She was not represented by counsel. She's not a lawyer. She does not know the law. And when it comes to a defendant's compulsory joinder rights, it is incumbent upon the state to bring multiple offenses based upon the same act in a single prosecution. So I think that Ms. Harris, even though she obviously didn't raise that issue in the cannabis case, it was incumbent upon the state to bring both charges in the same action. The police department or the police officers charged the complaint, not the state's attorney's office, the cannabis complaint, correct? That is correct. And isn't that akin to what occurred at P. Morris' Jackson where the Illinois State Police charged a uniformed traffic citation? The defendant came in, pled guilty to DUI, and then later the state indicted for reckless homicide. Isn't this similar to that? Your honor, I think it's different for a couple of reasons. First, obviously the state was the prosecuting authority in both cases below. As the Hyatt court indicated from the third district, where you have the simultaneous possession of items that were found in the same search, the argument that the state was unaware of the multiple offenses arising from those items found in the same search is simply just not tenable. And importantly, I would note to the court that below in the trial court and here in the appellate court, we have raised this issue contending that the state knew of both prosecutions at the time the cannabis case was commenced. The state did not contest that below, and the state has not contested that here. And as I mentioned in our reply brief, we believe that the court should view that as a concession on that issue. In fact, the state did not respond at all to our compulsory joint your argument. Turning to the compulsory joint your argument, it's a two step process for determining that violation. You have article three, section three of the criminal code and article three, section four of the criminal code, beginning with section three. If the multiple offenses are based upon the same act known to the proper prosecuting officer at the time of commencement of the action, and both those offenses are within the jurisdiction of a single court, they must be brought into single prosecution. In this case, we have the same act element is satisfied. On the night in question, the cannabis and controlled substances was found on Ms. Harris, and under the states, their issues simultaneously possessed those substances. Under Illinois law, simultaneous possession is the same act under section three. It has been the law since the Baker case and carried on through in the Hyatt cases, the Hyatt and the Hunter cases. So the first element is satisfied. For the reasons I just explained to Justice Burkett, the second element with regards to the proper prosecuting officer knowing of the multiple offenses is also satisfied. And obviously, both items were found in the same search in Montgomery, Illinois. They were within the jurisdiction of the King County court system. So we have a violation of section three, but that doesn't end everything. Going to section four of article three, if we have a subsequent prosecution is barred, if in a former prosecution, the state obtained a conviction for an offense, and in the subsequent prosecution, that is for a separate offense that should have been brought in the former prosecution, and both of those elements are also satisfied in this case. There is a conviction in the cannabis case in January of 2009. How do you see Senkiewicz applying to this? The state argues that that's the same elements, Blackburger test. How do you see that applying to this situation? Well, with regard to Senkiewicz, that goes towards the double jeopardy argument. The court doesn't have to reach the constitutional double jeopardy argument if it rules in favor on the compulsive rejoinder issue. So the court does not have to go there if it finds a compulsive rejoinder violation. And in this case, there was a compulsory rejoinder violation because, as I was explaining, there was a conviction in the cannabis case. There was a plea of guilty and a sentence imposed. That is a conviction in the cannabis case. And then the subsequent prosecution, the controlled substance case for unlawful possession of a controlled substance, that should have been brought together with the charge of unlawful possession of cannabis in the cannabis case. You concede that if they had been brought properly together at the same time, a judgment for both could have stood? Yes, that's correct. So that's not an issue? That's not an issue. That is permissible. And that's actually what's required under Section 3 of the Act, Section 3, Article 3 of the Act. So for those reasons, we submit to the court that there was a compulsive rejoinder violation. And Ms. Harris's conviction for unlawful possession of a controlled substance should be reversed. Now, in the event the court does not agree that there was a compulsory rejoinder violation, then we move to the double jeopardy violation. And Your Honor had mentioned the Senkowitz case earlier. In that case, we have similar facts. In this case, there was two separate prosecutions based upon the same act. In the first prosecution, there was a plea of guilty for reckless driving. Subsequent to that, there was a prosecution brought for reckless homicide. The Supreme Court held that the subsequent prosecution was barred based upon the double jeopardy doctrine. And I submit that this case is similar to that case in the sense that we have a plea of guilty in the first case, the cannabis case, and then we have the controlled substance case that subsequently prosecuted. In both of the elements in both cases, you have a known possession of an illegal substance. I understand cocaine is not cannabis, but we submit that the interpretation under Senkowitz should apply to this case and the court should hold that there is a double jeopardy violation. With that said, I have no further comments. If the court has any further questions, I'm happy to entertain them. Thank you, Your Honor. You will have time for a vote. Thank you. Ms. Switz? Good morning, Your Honors, counsel. I just want to make very clear, first of all, we did cite as additional authority the case of Sotelo, and I just wanted to indicate why I cited that. We do not take issue with the fact that under Illinois law that these, that consecutive, excuse me, that concurrent possession, simultaneous possession of two substances has been held to be one act. But Sotelo sort of brings to the forefront, and I felt it was necessary to do that, maybe out of an abundance of caution as an advocate, but it is a case which deals with two acts according to this court, one which is a lack of possession as well as a possession. And I think it brings to the heart of the issue or brings to mind, again, how possession cases really don't fit well under King as an overt act of any sort and also don't fit well under any type of the Senkowitz factors. I mean, we can start divvying them up if they are, in fact, in different locations and that type of thing. But under King, there really are not two overt acts in Sotelo. And so on the basis of that, we felt it was something that we wanted to argue here, which is that if this marks some type of direction that the court is going in, that, in fact, possession and lack of possession, two things which aren't necessarily overt acts but which show a different intent than in this case, we have that by the fact that it's cocaine and cannabis. The argument in Sotelo, I mean, you can see from the opinion, was very narrowly tailored toward the Foyd Act and how the Foyd Act applied to these two different items, one being a number of weapons and the other being just the ammunition standing alone. And the defense never really argued the, I guess, Carter, Manning cases. Right. Yes, I understand that. And I understand it's really more of a unit of prosecution case. But I just wanted to, like I say, out of an abundance of caution, say that the court is moving in that direction to say that two things which are not overt acts but which show a distinction in terms of the mindset of the person can equal two acts, and we have that here. Well, Hunter actually has an interesting statement in it where it talks about if one of the things was in the person's pocket and then the other thing was constructive possession, that theoretically that might even be two separate acts. And that's the problem with all of these cases that are possession cases because I believe even there's a McCarter case which cites many of them and draws the distinctions. And in that case, I know that they've cited one case, and I can't recall the name of it now, but it's an old case where they found one substance in the front pocket and one substance in the back and said that's two different possessions. And I think that just goes to show that, again, you know, you can look at this in any number of ways. Illinois has looked at it in terms of simultaneous possession unless there's one of those factors, and I suppose that would be one of the factors under Sienkiewicz's location. And, you know, we make that tiny distinction and say that that's a different location. Now, we don't have that here, of course. And the first argument by the defense is the statutory argument, 3334. So as counsel indicates, is your argument going more toward the constitutional double jeopardy with Sienkiewicz? No, not at all, Your Honor. Well, my argument is that there is no problem with the constitutional double jeopardy, that in fact we have two different substances, we have different elements under the Blockberger test, and as such this is not a double jeopardy problem. And that's important. And the reason it's important is in our procedural default argument, in terms of the plain error cases cited by the defendant, we believe there's a huge distinction between cases like this, which are based on the second provision under 3-4, which is not a codification of double jeopardy, but which is a separate and actually larger right given to defendants in Illinois, which is that they have the right, if they bring it up in a motion, to have these things tried together. Let me ask you this regarding your forfeiture argument. How can you possibly argue forfeiture when the State did not furnish in discovery materials the conviction for the cannabis charge? How can you in good faith argue forfeiture when the State committed a discovery violation? Your Honor, I recognize that. And, you know, I think that the argument is that it's not just the State's burden under the discovery rules, but it is also the defendant's burden. She was pro se. She was pro se. But, you know, there is certainly has to be a discussion between her and her defense attorney, and whether that's a defense attorney problem because he didn't see the problem after she told him, which is something that we wouldn't know on the record here and certainly couldn't be brought in at direct appeal, or whether that's the defendant's problem in that she did not talk to him and tell him what, you know, what this offense was all about, what had happened in this case. Any evidence below that he asked her questions about priors? I mean, why would a defense attorney? He's acting under the assumption that the State's attorney acts according to their obligation to seek justice, not merely convictions, and that they're not going to be prosecuting people multiple times for the same act. So why would he even ask that question? Well, you're right. There's no evidence on this record as to whether or not he did ask that. But I think the defense certainly in preparing their defense would have that discussion, and that the defendant would then have an obligation. Certainly by the fact and the reason that we brought this appeal, or excuse me, that we brought this issue in this appeal is because there is this statutory provision. There are times when this right can be waived or forfeited. And unlike where there's a double jeopardy problem, a constitutional double jeopardy, People v. Henry, which is the Illinois Supreme Court case, says that cannot be forfeited. But that's different than this compulsory rejoinder, which could have two different offenses, which could have been brought by the State in a single prosecution, and it could have resulted in convictions. Is a potential 3-3 slash 3-4 violation Brady material? Is it Brady material? Yeah. In terms of... I mean, is it something that the State under Brady would have to tell the defendant if this happened? You know, Your Honor, that's something I haven't thought about. But I think that it's a possibility that it would go to reducing certainly the punishment for the cannabis. It would negate punishment. It would negate the punishment for the cannabis. It clearly is, correct? Yes, I think that it would be, yes. But under this provision, this statutory provision, the procedural default, there appears in the case that you can, in the Illinois Supreme Court case, that you can, in fact, forfeit some of these rights. In terms of our forfeiture by not bringing it up in this argument, this is a right that has to be invoked by the defense. It was not invoked. In terms of plain error, double jeopardy, constitutional double jeopardy is not at issue here. In terms of the cases cited by the defendant in terms of plain error, they have several cases, but they are constitutional double jeopardy, or to the extent that they aren't, we would suggest they are wrongly decided. And in terms of the speedy trial being plain error, which is really what Pearson was, McKinney and Gay, which are cited in the defendant's brief, cite to the Supreme Court case of Cain, and that's actually a constitutional speedy trial case. And so we believe that they just did not differentiate the way they should have, and that this is not plain error. The argument is, of course, that the defendant could have blocked the prosecution for the cocaine if it was raised, but he did not. And so we believe that there was a burden on both sides, you know, and we are not suggesting that we carried our burden and that we did what we should have done, but the defendant also had a burden, and having not carried that, there is a forfeiture of the right. And for that reason, we would ask this Court to uphold the conviction for the controlled substance. If we were to ask for a forfeiture, which, of course, we can do, you lose. That's correct. That's correct. Yes. Thank you, Ms. Swiss. Appreciate it. Counsel, rebuttal argument? Your Honor, I just have one point on rebuttal, and that is this counsel talked about the distinction in Article III, Section 4 of the Criminal Code regarding constitutional double jeopardy and compulsory rejoinder, and she tried to make an distinction that they were different. Constitutional double jeopardy being plain error, and I interpreted her argument to mean that compulsory rejoinder was not subject to the plain error document. Now, that's obviously contrary to the Davis case, which we cited in a brief, but more importantly, I think it's important to look at the structure of Section 4, and that is it is broader than a defendant's constitutional double jeopardy rights. The Illinois General Assembly has determined that it's the public policy of Illinois that the prosecution must bring multiple offenses based upon the same act in a single case. And if it doesn't, that right to compulsory rejoinder is on par and of equal importance with the defendant's constitutional double jeopardy rights. I would direct the Court's attention to the Thoming case, second in a brief, a Fourth District case where that particular court noted that the compulsory rejoinder protections and double jeopardy protections in Section 3 or Article III, Section 4 are of equal importance, of equal magnitude, and so they are on the same level. The right to compulsory rejoinder is subject to the plain error doctrine, and I submit that this Court should consider Ms. Harris's compulsory rejoinder. Could your client have waived the statutory right? I'm sorry? Could your client have waived the statutory right? I don't know why anybody would, but could your client have waived that? Waived the right to compulsory rejoinder? Right. Your Honor, I'm not sure. Under Section or Paragraph C under Section 3, Article III, Section 3, if the Court orders that there be a separate trial on both offenses, that's permissible. I suppose there could be a waiver, but there's no evidence in the record to show that in this particular case. Well, what I'm getting at is the forfeiture, whether, you know, if it could be waived, theoretically it could be forfeited. That's true, Your Honor, but I don't believe it would. Can it be waived? I think there obviously is this requirement that a motion to dismiss be filed, but it's subject to the plain error. You have the Pearson case, you have the right to a speedy trial, double jeopardy and compulsory rejoinder. At least for now, to my knowledge, those would be doctrines that are subject to the plain error rule. Had the State disclosed the candidate's conviction, then the argument here would be ineffective assistance of counsel, correct? I think so, yes. With that, I have nothing further. Your Honor, do you have any further questions? No, Your Honor. Thank you very much. Thank you, Your Honor. We'd like to thank both counsel for their arguments today. The case will be taken under advisement with a decision writer to due course. And we are in recess.